Francisco SOLER, et al., Plaintiffs,

v.

G & U, INC., Charles Gratz, d/b/a
Charles Gratz Farm, et al.,
Defendants.

Jann S. FLING, et al., Plaintiffs,

v.

PEAT–GRO FARMS, INC., Defendant.

Pablo LIVAS, et al., Plaintiffs,

v.

BIERSTINE FARMS, INC., Defendant.

Gilberto GONZALEZ, et al., Plaintiffs,

v.

CEDAR VALLEY GROWERS,
INC., Defendant.

Freddy VALENTIN, et al., Plaintiffs,

v.

Raymond MYRUSKI, Defendant.

Cecilio ENCARNACION,
et al., Plaintiffs,

v.

W.K.W. FARMS, INC., Defendant.

SOLER, et al., Plaintiffs,

v.

U.S. SECRETARY OF LABOR,
et al., Defendants.

G & U, INC., et al., Plaintiffs,

v.

U.S. DEPARTMENT OF LABOR,
et al., Defendants.

Nos. 78 Civ. 6252(CHT), 78 Civ.
6257(CHT)—78 Civ. 6261(CHT), 80 Civ.
3506(CHT) and 83 Civ. 9122(CHT).

United States District Court,
S.D. New York.

July 24, 1991.

Farmworker Legal Services of New York, Inc., New Paltz, N.Y. (Dan Getman, Charlotte Sibley, of counsel), for plaintiffs.

Keane and Beane, P.C., White Plains, N.Y. (Edward F. Beane, Susan T. Travis, of counsel), for defendants.

MEMORANDUM AND ORDER

TENNEY, District Judge.

This consolidated action is presently before the court on plaintiffs' motion for sanctions pursuant to Fed.R.Civ.Pro. 11 ("Rule 11"). Earlier today, the court is-

sued an Opinion deciding the parties' cross-motions for summary judgment, familiarity with which is assumed. *See* Opinion, *Soler v. G & U, Inc.*, 78 Civ. 6252(CHT) (S.D.N.Y. July 24, 1991). Plaintiffs claim that two arguments raised by defendants in their motion for summary judgment—both of which were rejected by the court—warrant the imposition of sanctions. Specifically, plaintiffs claim that 1) defendants' Grippe House argument contained false and misleading statements and citations regarding key testimony, and 2) defendants' attempt to reargue the court's prior ruling awarding liquidated damages lacked any legal basis. For the reasons set forth below, the motion is granted in part and denied in part.

Rule 11 provides in part that:

The signature of an attorney ... constitutes a certificate by the [attorney] that [he or she] has read the pleading, motion, or other paper; that to the best of [his or her] knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

In determining what is a reasonable inquiry, the standard is an objective one—that of a competent attorney. *See* 2A Moore's Federal Practice ¶ 11.02[3] & n. 10; *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243 (2d Cir.1985). If the mandates of Rule 11 are violated, sanctions must be imposed. *Eastway*, 762 F.2d at 254 & n. 7.

In their motion for summary judgment, defendants argued that the Administrator erred in denying wage deductions to Grippe House, which he found was operated as migrant worker housing without a permit in violation of state law. *See* Defendants' Memorandum of Law in Support of Motion for Summary Judgment at 29–30. The sole basis for defendants' claim was that Grippe House did not need a permit since "it was occupied only by year round employees." *Id.* at 30; *see* 10 N.Y.C.R.R. § 15.2. Defendants cited the testimony of two witnesses who testified at the administrative hearing—Horace Smith and Stanley Urbanski—which they claimed "conclusively establishe[d] these facts." *Id.* It is defendants' reliance on this testimony in support of their claim that plaintiffs contend violated Rule 11.

In support of their Grippe House argument, defendants cited four pages of the transcript from the administrative hearing: 2470, 2611, 2662, 2712. Page 2470 was cited presumably to support defendants' assertion that Horace Smith held the position of Management Assistant at G & U, Inc., the farm on which Grippe House is located. Page 2611 contains nothing more than Mr. Smith's testimony that in 1979, Grippe House was occupied by the Rodriguez family. Thus, none of the testimony on either page 2470 or 2611 is relevant to defendants' contention that Grippe House was occupied only by year round workers.

More troubling, however, is defendants' citations to pages 2662 and 2712. Page 2662 contains the following testimony of Stanley Urbanski, G & U, Inc.'s General Manager:

Q. Is the Grippe House occupied year round?

A. No, sir.

Q. Is there an indication of some kind on either of these bills of a final bill?

A. Yes, sir. There's a final bill her[e], October 17th. The lights were turned off October the 17th, 1979, I guess. Yes, 1979.

Q. And therefore, there would be no usage between that point and until the next season?

A. Until springtime when preparation was made to clean it up and repaint it.

Q. Is the Grippe House seasonal housing?

A. Yes.

Q. And are its occupants minimum wage employees?

A. Yes, sir.

Further, Mr. Urbanski's testimony on page 2712 indicates that Grippe House was sea-

sonal housing and that its occupants—the Rodriguez family—would leave in October and return in May.

Not only does the cited testimony fail to "conclusively establish" that Grippe House was occupied only by year round workers, but it indicates the exact opposite—i.e., that it was occupied only by seasonal migrant workers. Further, on direct examination by defendants' counsel at the administrative hearing, Horace Smith testified as follows:

> Q. Mr. Smith, with respect to the Grippe House, was that house, if you know, occupied by migrants or non-migrants in 1978?
>
> A. It was occupied by migrants.
>
> Q. During your entire tenure at G & U, Inc., was there ever a period when the Grippe House was not occupied by migrants or occupied by someone other than migrants?
>
> A. No.

Transcript 2495.[1]

The only thing that is "conclusively established" by the testimony of Mr. Smith and Mr. Urbanski is that defendants' assertion that Grippe House was occupied "only by year round workers" is wholly without basis in fact. However, even more troubling than defendants' asserting a claim with absolutely no factual basis is their failure to withdraw or clarify the claim once the inaccuracies of their citations were brought to their attention in the opposing memorandums of law.[2] Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment at 13–15; Government's Memorandum of Law in Opposition to Cross–Motions for Summary Judgment at 22–23. In short, the court finds that no competent attorney would have found the Grippe House argument—as articulated by defendants in their motion for summary judgment—to have any basis in fact. Accordingly, defendants' counsel have violated Rule 11 and sanctions must be imposed.

The court has reviewed plaintiffs' argument regarding the liquidated damages issue and finds it to be without merit.

For the reasons set forth above, defendants' counsel is ordered to pay plaintiffs their attorneys fees and costs incurred in responding to the Grippe House argument and in preparing that portion of the present motion which relates to the Grippe House argument. If within fifteen days the parties cannot agree on the amount due to the plaintiffs, the matter will be referred to a magistrate for a report and recommendation.

So ordered.

---

1. This testimony was cited to the court by plaintiffs and the government—not by defendants.

2. In their reply brief, defendants merely referred the court to their original memorandum of law regarding the Grippe House argument. Defendants' Reply Memorandum of Law in Support of Motion for Summary Judgment at 31. Defendants argue for the first time in their opposition to plaintiffs' motion for sanctions that plaintiffs have "misstated" the Grippe House argument. Defendants' Memorandum in Opposition to Plaintiffs' Motion for Rule 11 Sanctions at 12–13. Defendants now claim to have argued not that the Grippe House occupants were year round workers, but rather that "a single family, the Rodriguez family, was in continuous maintenance and control of the Grippe House on a year round basis during 1978 and 1979 and that this continuous maintenance and control constitutes year round occupancy pursuant to the New York State Sanitary Code and the [Orange County Department of Health's] interpretation thereof." *Id.* at 13; *see* 10 N.Y.C.R.R. § 15.2 (health permit required for migrant labor camp occupied by five or more persons, but persons occupying the property on an annual basis are not to be included in computing the number of persons occupying the property). Although this may be what defendants intended to argue in their motion for summary judgment, it is not what they in fact argued. *Cf. Eastway,* 762 F.2d at 253 (subjective good faith does not shield an attorney from Rule 11 sanctions). As discussed *supra,* the sole basis that defendants offered for their claim that Grippe House did not require a permit was that it was occupied "only by year round employees." Furthermore, if after reading the opposing briefs defendants thought that their Grippe House argument had been misconstrued, they should have clarified their position in their reply brief—not in their brief opposing plaintiffs' motion for sanctions.